**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CHAYANNE GONZALEZ,**

                                   Plaintiff,

     -against-

**THE CITY OF NEW YORK;**
**PO ODALI CRUZ; PO DANIEL**
**GOLDBERG; and PO JOSHUA**
**MOSCOSO,**

                                   Defendants.

---

Case No.: 1:22-cv-9499

**COMPLAINT**

Plaintiff Chayanne Gonzalez, by his attorneys at Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

1.  This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common and statutory laws of the State and City of New York.

3.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

1

4.  Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the New York City Comptroller and the Comptroller designated the claim as number 2021PI032464.

5.  Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on February 22, 2022.

6.  Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

7.  All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## JURISDICTION & VENUE

8.  Venue is properly laid in the District Court for the Southern District of New York, because the Plaintiff's claims arose in the County of New York.

## PARTIES

9.  Plaintiff is, and was at all times relevant to this action, a resident of New York County in the State of New York.

10.  Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11.  Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

12.  Defendant PO Odali Cruz (Shield No. 17144; Tax ID 957499) (hereinafter "Cruz")

was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

13. PO Cruz is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

14. PO Cruz is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

15. Defendant PO Daniel Goldberg (Shield No. 13202 Tax ID 963545) (hereinafter "Goldberg") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

16. PO Goldberg is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

17. PO Goldberg is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

18. Defendant PO Joshua Moscoso (Shield No. 11260; Tax ID 960976) (hereinafter "Moscoso") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

19. PO Moscoso is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

20. PO Moscoso is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

21.   Defendant Police Officers Cruz, Goldberg, and Moscoso are referred to collectively as the "Individual Defendants."

22.   At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

23.   At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

24.   On January 30, 2020, Plaintiff went to the 33rd Precinct to pick up a friend's car that was being held by the NYPD.

25.   When Plaintiff showed his identification to pick up the vehicle, multiple NYPD officers approached Plaintiff, assisting Defendant Cruz in arresting Plaintiff, claiming that he was the driver in a hit and run accident involving an NYPD RMP on January 3, 2020.

26.   Plaintiff was dumbfounded, immediately asserted his innocence, and attempted to ask questions as to how the police came to believe he was the driver in this incident.

27.   But the officers—who know Plaintiff from the area and who have a history of harassing him by regularly pulling him over for petty traffic infractions—berated and mocked Plaintiff, attempting to have him inculpate himself in a crime he did not commit.

28. The officers falsely claimed that Defendants Goldberg and Moscoso personally observed Plaintiff commit a traffic infraction before hitting their RMP and fleeing the scene.

29. But this was a lie. Neither Plaintiff nor his vehicle were involved in the accident, and the officers had conclusive information prior to Plaintiff's arrest proving Plaintiff's innocence.

30. For instance, on January 3, immediately after the suspect vehicle hit an RMP and left the scene, police radioed their central operator and identified the vehicle as a dark blue BMW SUV x5 with a temporary New Jersey license plate tag bearing the number 523296R.

31. Goldberg and Moscoso subsequently made a report concerning the incident, citing the paper tag number in their reports, but did nothing to confirm the vehicle's registered owner.

32. Instead, they maliciously targeted Plaintiff, who owns a similar black vehicle bearing the *permanent* New Jersey license plate 361109R—a fact well known to the Individual Defendants from their frequent, harassing car stops of Plaintiff.

33. In addition to this blatant discrepancy in the plate number (which itself was proof that the officers never actually saw Plaintiff driving the suspect vehicle), Plaintiff's car was being serviced at Park Avenue Motor Corp. in Hackensack, New Jersey from December 18, 2019 until January 4, 2020—one day after the hit and run the officers were attempting to pin on Plaintiff.

34. But the Individual Defendants ignored these facts, targeted Plaintiff, and maliciously pursued his wrongful prosecution, and went as far as to try and inculpate Plaintiff by misconstruing a statement he made at the precinct concerning his own vehicle, falsely reporting to the district attorney that Mr. Gonzalez admitted to driving the suspect vehicle, which he never did.

35. The Individual Defendants also falsely reported that Mr. Gonzalez owned a vehicle with the license plate 523296R (the suspect plate), which he never has.

36. The false charges against Plaintiff were finally dismissed by the criminal court on

August 16, 2021—19 months after the false arrest occurred.

### THE INJURIES TO PLAINTIFF

37.  This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants decidedly wrongful actions.

38.  Plaintiff was born and raised in the neighborhood that falls within the confines of the 33rd precinct. For years now, Mr. Gonzalez has been followed, stopped, and repeatedly harassed by officers from the local precinct, sometimes multiple times a week.

39.  This harassment increased after Plaintiff started leasing a series of luxury cars—like the BMW x5 that was being serviced at the time of the incident. Each time he is stopped by these officers, Mr. Gonzalez is cited for a petty traffic infraction as a pretext for further "investigation," which, in reality, is plainly discriminatory harassment.

40.  The Individual Defendants and the other officers of the 33rd Precinct regularly call Mr. Gonzalez "sweetheart" when they interact with him in these stops, attempting to illicit a response from Plaintiff that can further justify their baseless harassment of him.

41.  Moreover, Plaintiff was stopped by the Individual Defendants both before and after this false arrest. During these car stops, Plaintiff was driving the same vehicle, with the same permanent license plate, as the one that was being serviced at the time of the hit and run.

42.  Thus, the Individual Defendants had direct, personal knowledge, as well as written documentation of the plate number associated with Mr. Gonzalez's vehicle (which did not match the car involved in the hit and run), prior to Plaintiff's January 30 arrest.

43.  In addition to suffering a retaliatory arrest and long-standing pattern of harassment by the officers of the 33rd Precinct, this arrest was particularly arduous for Plaintiff, as he was

severely ill and hospitalized in the days before the arrest (likely with an early form of COVID-19), and the stress of the detention caused his symptoms to flare up again while in custody.

44.   Plaintiff required overnight rehospitalization at Presbyterian Hospital the night of his arrest, further delaying his arraignment and ability to resolve the false charges against him.

45.   The Individual Defendants' actions were clearly wanton, reckless, and malicious, and made in blatant disregard of Plaintiff's civil rights.

46.   As such, the Individual Defendants are liable for punitive damages, as is the City of New York under the doctrine of *respondeat superior*.

## THE INDIVIDUAL DEFENDANTS' HISTORY OF MISCONDUCT

47.   The Individual Defendants in this action have a long and storied history of violating the rights of those that they are tasked with protecting.

48.   For example, the New York County District Attorney's Office has issued a publicly available "Disclosure Advisory" concerning Defendant Moscoso's disciplinary history, which includes, in part (1) a failure to properly search and process evidence in his possession; (2) failures to safeguard department property; (3) a failure to make mandatory disclosures to Internal Affiars; (4) a failure to safekeep a detained persons property, resulting in its loss; and (5) allegations of excessive force which remain under investigation. This history is disclosed by the Manhattan DA each time Defendant Moscoso is expected to testify at a criminal trial.

49.   Defendant Cruz has also faced allegations of an unlawful vehicle stop, use of excessive force, racial bias, abusing his authority as an officer, and using racist language during interactions with members of the public. Cruz has been sued in his official capacity as a police officer for at least one of these violations.

50.   Defendant Goldberg has been accused of the use of excessive force, and was sued in

his official capacity concerning the incident from which the accusation arose.

51. Despite these repeated incidents of misconduct, the City of New York has failed to meaningfully discipline or properly supervise the Individual Defendants, allowing them to continue their blatantly unconstitutional and unprofessional conduct, which may have been avoided if the City and the NYPD properly trained, supervised, and disciplined the officers.

## FIRST CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

53. The Individual Defendants restrained and arrested Plaintiff without probable cause.

54. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

55. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

56. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## SECOND CLAIM FOR RELIEF:
## PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58.  The Individual Defendants initiated a prosecution against Plaintiff without probable cause and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

59.  That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

60.  As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

61.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**THIRD CLAIM FOR RELIEF:
DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
AGAINST THE INDIVIDUAL DEFENDANTS**

62.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

63.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64.  The Individual Defendants provided false evidence and statements to the prosecution, defense counsel, and court, including false statements about Plaintiff's manufactured "confession" and about Plaintiff's possession of the suspect license plate. These statements were demonstrably false, and the Individual Defendants knew this fact.

65.  The Individual Defendants withheld exculpatory evidence from the prosecution, defense counsel, and court, including their direct knowledge that Plaintiff's registered license plate did not match the suspect plate; that the driver from the hit in run was not Plaintiff, who was well

known to Defendants; and that Plaintiff's car was being serviced at the time of the hit and run.

66.  That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of due process and trial rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution to be free from prosecution based on false statements and under *Brady v. Maryland*, 373 U.S. 83 (1963).

67.  As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

68.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

69.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70.  The Individual Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected, despite the fact that they had multiple opportunities to do so.

71.  The Individual Defendants thereby displayed deliberate indifference to Plaintiff's rights, including Plaintiff's right to be free from unreasonable and unlawful searches and seizures and prosecution without probable cause.

72.  The Individual Defendants also Defendants agreed among themselves and with other individuals to act in concert, and thus conspired to deprive Plaintiff of clearly established rights.

73.  That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual

Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

74.  As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

75.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK

76.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77.  The Individual Defendants initiated a prosecution against Plaintiff without probable cause, and with malice, and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

78.  As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

79.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

80.  The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## SIXTH CLAIM FOR RELIEF:
## NEGLIGENT TRAINING, RETENTION, DISCIPLINE,  AND SUPERVISION
## AGAINST THE CITY OF NEW YORK

81.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. The City of New York negligently trained and retained the Individual Defendants while also failing to properly supervise or discipline them.

83. The acts and conduct of the Individual Defendants were the direct and proximate cause of injury and damage to Plaintiff's rights, and were caused by the negligence of the City of New York and the NYPD in properly controlling its police force.

84. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

85. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

86. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### SEVENTHCLAIM FOR RELIEF:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

87. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

88. The Individual Defendants engaged in extreme and outrageous conduct, which negligently caused severe emotional distress to Plaintiff.

89. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

90. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

91. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## EIGHTH CLAIM FOR RELIEF:
## VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

92.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93.  Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, the following rights:

a.  freedom from unreasonable search and seizure of her person and property;

b.  freedom from arrest without probable cause;

c.  freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

d.  freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

e.  freedom from deprivation of liberty without due process of law.

94.  As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution.

95.  As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

96.  As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

97.  The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**NINTH CLAIM FOR RELIEF:**
**VIOLATION OF THE RIGHT OF SECURITY AGAINST UNREASONABLE**
**SEARCHES AND SEIZURES UNDER N.Y.C. ADMIN. CODE §§ 8-801 TO 807**
**AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK**

98.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99.   Plaintiff's right to be free from unreasonable searches and seizures was violated by the conduct of the Individual Defendants.

100. The City of New York is liable as the employer of the Individual Defendants under New York City Administrative Code § 8-803(b).

101. Qualified immunity is no defense to this claim.

102. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

103. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

 a.   Compensatory damages;

 b.   Punitive damages;

 c.   The convening and empaneling of a jury to consider the merits of the claims herein;

 d.   Costs and interest and attorney's fees;

 e.   Such other and further relief as this court may deem appropriate and equitable.

14

Dated: New York, New York
          November 7, 2022

                                        Rickner PLLC

                              By:

                                        Rob Rickner
                                        Stephanie Panousieris

                                        14 Wall Street, Suite 1603
                                        New York, New York 10005
                                        Phone: (212) 300-6506
                                        Fax: (888) 390-5401
                                        *Attorneys for Plaintiff*


TO:

THE CITY OF NEW YORK
Corporation Counsel
100 Church Street
New York, New York 10007

PO ODALI CRUZ (Shield No. 17144; Tax ID 957499)
33 Precinct
2207 Amsterdam Ave.
New York, NY, 10032-2512

PO DANIEL GOLDBERG (Shield No. 13202 Tax ID 963545)
106 Precinct
103-53 101st Street,
Ozone Park, NY, 11417-1707

PO JOSHUA MOSCOSO (Shield No. 11260; Tax ID 960976)
33 Precinct
2207 Amsterdam Ave.
New York, NY, 10032-2512