UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| CHAYANNE GONZALEZ,<br><br>                                    Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, PO ODALI CRUZ; PO DANIEL GOLDBERG; AND PO JOSHUA MOSCOSO,<br><br>                                    Defendants. | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, CRUZ, MOSCOSO AND GOLDBERG**<br><br>22-CV-9499 (JLR)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------ x

Defendants City of New York, Odali Cruz, Daniel Goldberg and Joshua Moscoso, by their attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

3. Paragraph "3" of the Complaint sets forth conclusions of law to which no response is required.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff served a Notice of Claim on November 4, 2021; to the extent that paragraph "4" sets forth conclusions of law, no response is required.

5. Admit the allegations set forth in paragraph "5" of the Complaint.

1

6. Deny the allegations set for in paragraph "6" of the Complaint, except admit that plaintiff's claim was not settled; to the extent that paragraph "6" sets forth conclusions of law, no response is required.

7. Paragraph "7" of the Complaint sets forth conclusions of law to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and maintains the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

11. Paragraph "11" of the Complaint sets forth conclusions of law to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that, in or about January 2020, PO Odali Cruz was an employee of the New York City Police Department; to the extent that paragraph "12" sets forth conclusions of law, no response is required.

13. Paragraph "13" of the Complaint sets forth conclusions of law to which no response is required.

14. Paragraph "14" of the Complaint sets forth conclusions of law to which no response is required.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that, in or about January 2020, PO Daniel Goldberg was an employee of the New York City Police Department; to the extent that paragraph "15" sets forth conclusions of law, no response is required.

16. Paragraph "16" of the Complaint sets forth conclusions of law to which no response is required.

17. Paragraph "17" of the Complaint sets forth conclusions of law to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that, in or about January 2020, PO Joshua Moscoso was an employee of the New York City Police Department; to the extent that paragraph "18" sets forth conclusions of law, no response is required.

19. Paragraph "19" of the Complaint sets forth conclusions of law to which no response is required.

20. Paragraph "20" of the Complaint sets forth conclusions of law to which no response is required.

21. Paragraph "21" of the Complaint requires no response.

22. Paragraph "22" of the Complaint sets forth conclusions of law to which no response is required.

23. Paragraph "23" of the Complaint sets forth conclusions of law to which no response is required.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff went to the 33rd Precinct on January 30, 2020.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff was lawfully arrested on January 30, 2020 based on probable cause that he committed a crime on January 3, 2020.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Officer Moscoso identified the vehicle that hit his RMP and left the scene on January 3, 2020 to be a BMW with a New Jersey temporary tag bearing the number 523596R.

31. Deny allegations set forth in paragraph "31" of the Complaint, except admit that Officer Moscoso drafted a Complaint Report after the BMW bearing a temporary tag with the number 523596R hit his RMP and fled the scene.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint; to the extent that paragraph "34" sets forth conclusions of law, no response is required.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that the charges against plaintiff arising from his January 30, 2020 lawful arrest were dismissed on August 16, 2021.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiff purports to proceed and seeks relief as stated therein.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except deny knowledge or information sufficient to form a belief as to where the plaintiff was born and raised.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff has previously been lawfully stopped by one or more of the individual defendants.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether plaintiff was ill and hospitalized in the days before his lawful arrest.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether plaintiff required overnight hospitalization the night of his lawful arrest.

45. Deny the allegations set forth in paragraph "45" of the Complaint; to the extent that paragraph "45" sets forth conclusions of law, no response is required.

46. Paragraph "46" of the Complaint sets forth conclusions of law to which no response is required.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff was lawfully arrested.

54. Deny the allegations set forth in paragraph "54" of the Complaint; to the extent that paragraph "54" sets forth conclusions of law, no response is required.

55. Deny the allegations set forth in paragraph "55" of the Complaint; to the extent that paragraph "55" sets forth conclusions of law, no response is required.

56. Deny the allegations set forth in paragraph "56" of the Complaint; to the extent that paragraph "56" sets forth conclusions of law, no response is required.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that the charges against plaintiff arising from his January 30, 2020 arrest were dismissed; to the extent that paragraph "58" sets forth conclusions of law, no response is required.

59. Deny the allegations set forth in paragraph "59" of the Complaint; to the extent that paragraph "59" sets forth conclusions of law, no response is required.

60. Deny the allegations set forth in paragraph "60" of the Complaint; to the extent that paragraph "60" sets forth conclusions of law, no response is required.

61. Deny the allegations set forth in paragraph "61" of the Complaint; to the extent that paragraph "61" sets forth conclusions of law, no response is required.

62. In response to the allegations set forth in paragraph "62" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint; to the extent that paragraph "66" sets forth conclusions of law, no response is required.

67. Deny the allegations set forth in paragraph "67" of the Complaint; to the extent that paragraph "67" sets forth conclusions of law, no response is required.

68. Deny the allegations set forth in paragraph "68" of the Complaint; to the extent that paragraph "68" sets forth conclusions of law, no response is required.

69. In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint; to the extent that paragraph "70" sets forth conclusions of law, no response is required.

71. Deny the allegations set forth in paragraph "71" of the Complaint; to the extent that paragraph "71" sets forth conclusions of law, no response is required.

72. Deny the allegations set forth in paragraph "72" of the Complaint; to the extent that paragraph "72" sets forth conclusions of law, no response is required.

73. Deny the allegations set forth in paragraph "73" of the Complaint; to the extent that paragraph "73" sets forth conclusions of law, no response is required.

74. Deny the allegations set forth in paragraph "74" of the Complaint; to the extent that paragraph "74" sets forth conclusions of law, no response is required.

75. Deny the allegations set forth in paragraph "75" of the Complaint; to the extent that paragraph "75" sets forth conclusions of law, no response is required.

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except admit that the charges against plaintiff arising from his January 30, 2020 arrest were dismissed; to the extent that paragraph "77" sets forth conclusions of law, no response is required.

78. Deny the allegations set forth in paragraph "78" of the Complaint; to the extent that paragraph "78" sets forth conclusions of law, no response is required.

79. Deny the allegations set forth in paragraph "79" of the Complaint; to the extent that paragraph "79" sets forth conclusions of law, no response is required.

80. Deny the allegations set forth in paragraph "80" of the Complaint; to the extent that paragraph "80" sets forth conclusions of law, no response is required.

81. In response to the allegations set forth in paragraph "81" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the Complaint; to the extent that paragraph "82" sets forth conclusions of law, no response is required.

83. Deny the allegations set forth in paragraph "83" of the Complaint; to the extent that paragraph "83" sets forth conclusions of law, no response is required.

84. Deny the allegations set forth in paragraph "84" of the Complaint; to the extent that paragraph "84" sets forth conclusions of law, no response is required.

85. Deny the allegations set forth in paragraph "85" of the Complaint; to the extent that paragraph "85" sets forth conclusions of law, no response is required.

86. Deny the allegations set forth in paragraph "86" of the Complaint; to the extent that paragraph "86" sets forth conclusions of law, no response is required.

87. In response to the allegations set forth in paragraph "87" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the Complaint; to the extent that paragraph "88" sets forth conclusions of law, no response is required.

89. Deny the allegations set forth in paragraph "89" of the Complaint; to the extent that paragraph "89" sets forth conclusions of law, no response is required.

90. Deny the allegations set forth in paragraph "90" of the Complaint; to the extent that paragraph "90" sets forth conclusions of law, no response is required.

91. Deny the allegations set forth in paragraph "91" of the Complaint; to the extent that paragraph "91" sets forth conclusions of law, no response is required.

92. In response to the allegations set forth in paragraph "92" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint; to the extent that paragraph "93" sets forth conclusions of law, no response is required.

94. Deny the allegations set forth in paragraph "94" of the Complaint; to the extent that paragraph "94" sets forth conclusions of law, no response is required.

95. Deny the allegations set forth in paragraph "95" of the Complaint; to the extent that paragraph "95" sets forth conclusions of law, no response is required.

96. Deny the allegations set forth in paragraph "96" of the Complaint; to the extent that paragraph "96" sets forth conclusions of law, no response is required.

97. Deny the allegations set forth in paragraph "97" of the Complaint; to the extent that paragraph "97" sets forth conclusions of law, no response is required.

98. In response to the allegations set forth in paragraph "98" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the Complaint; to the extent that paragraph "99" sets forth conclusions of law, no response is required.

100. Deny the allegations set forth in paragraph "100" of the Complaint; to the extent that paragraph "100" sets forth conclusions of law, no response is required.

101. Paragraph "101" sets forth conclusions of law to which no response is required.

102. Deny the allegations set forth in paragraph "102" of the Complaint; to the extent that paragraph "102" sets forth conclusions of law, no response is required.

103. Deny the allegations set forth in paragraph "103" of the Complaint; to the extent that paragraph "103" sets forth conclusions of law, no response is required.

## FIRST AFFIRMATIVE DEFENSE

104. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

105. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

106. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

108. Plaintiff may have failed to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

109. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**SEVENTH AFFIRMATIVE DEFENSE**

110. At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE**

111. Punitive damages cannot be assessed as against the City of New York.

**NINTH AFFIRMATIVE DEFENSE**

112. At all times relevant to the acts alleged in the Complaint, defendants Cruz, Moscoso and Goldberg acted reasonably in the proper and lawful exercise of their discretion.

**TENTH AFFIRMATIVE DEFENSE**

113. There was probable cause for plaintiff's arrest, detention, and prosecution because, *inter alia*, plaintiff was seen by Officer Moscoso unlawfully leaving the scene of a vehicle accident.

**ELEVENTH AFFIRMATIVE DEFENSE**

114. Defendants Cruz, Moscoso and Goldberg have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**WHEREFORE,** Defendants City of New York, Odali Cruz, Daniel Goldberg, and Joshua Moscoso demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 30, 2023

                                SYLVIA O. HINDS-RADIX
                                Corporation Counsel of the
                                City of New York
                                *Attorney for Defendants City, Cruz, Moscoso, and Goldberg*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-0827

                                By:      /s/ *Seema Kassab*
                                           Seema Kassab
                                           Assistant Corporation Counsel

To:    **BY ECF**
        Rob Rickner
        Stephanie Panousieris
        *Attorneys for Plaintiff*

13